THOMAS HERRING, def't below, *vs.* DAVID SELDING, pl'ff below ; *Chittenden, December, 1825.*
AND
THE SAME *vs.* THE SAME.
*IN ERROR.*

Two writs of error, the one assigning for error, *an error in law,* and the other *an error of fact,* may be sustained at the same time, for the purpose of reversing one and the same judgment.

THESE were two writs of error, both sued out at the same time, and both brought to reverse the same judgment; the one assigning for error, an error in law—the other, an error in fact.

The defendant, in both cases, pleaded the pending of the one suit in abatement of the other ; to which pleas there were demurrers, and joinders in demurrer.

*Adams,* for the plaintiff in error. These, being judicial writs, do not fall within the general rule, that two actions cannot be sustained upon the same cause of action, at one and the same time. They do not count upon the same cause of action, but different; and, though they both seek a reversal of the same judgment; yet, in that event, the result may be different, for while a reversal for the error in law eventuates in a new trial, a reversal for the error in fact may put a final termination to the suit. The plaintiff in error has a right to ask a reversal on both grounds, and since, by the rules of law, he cannot assign both errors in the same writ, it follows, *ex necessitate rei,* that he may have distinct writs.

*Thompson,* for the defendant in error. The question must be decided upon *principle,* rather than *precedent ;* or by cases involving analogous principles—as few, if any adjudged cases can be found, similar in point of *fact.*

*Chittenden,*
*December,*
*1825.*

Herring
*vs.*
Selding

It is a well settled rule of law, (with certain well known exceptions) that two suits, depending at the same time upon the same cause of action, will abate, although they differ in form; as trespass and trover.---4 *Bac. Abridgment* 48.

It is also an undoubted rule of the common law, in pleading, that a defendant cannot at the same time make two defences to the same action, or plead distinct pleas; as the general issue and a plea in bar, or several pleas, as a former recovery and payment; but must select his defence, and abide the event. And a plaintiff is no more entitled to a double remedy, than the defendant to a double defence.

It is equally well settled, that error in *law*, and error in *fact*, cannot both be assigned in the same writ; and the reason assigned is, that they are distinct matters, requiring distinct pleas, and distinct trials.---*Bac. Abridgment*, 216, 217, 218.---5 *Dane's Dig. Am. Law*, 66.---2 *Saunders*, 101.

If a plaintiff cannot bring two suits at the same time, to repair the same injury, or effect the same object, and a defendnat cannot plead distinct, or several pleas to the same action, it follows that the same party cannot at the same time bring several writs, to reverse the same judgment; for that would be to give him an advantage to which he is entitled in no other legal proceeding.

If two writs of error are sued out at the same time, on the same judgment; one for errors in law, and the other for an error in fact, they will abate each other; for, as errors in law and errors in fact, cannot be joined in the same writ, they cannot be assigned in different writs, at the same time, on the same judgment.---1 *Swift's Dig.* 792.---2 *Saund.* 101, *a.*

The plaintiff cannot, after a plea in abatement is interposed, avoid the effect of the plea, by discontinuing a writ which was pending at the time of the plea.---1 *Chit. Pl.* 443.---1 *Salk.* 329.

*Prentiss*, on the same side.   The defendant shall not be vexed with two suits.   The plaintiff, therefore, was bound to elect. Here are not two causes of action.   It is one action; and the court have got up the record twice over, for one and the same purpose; that of reversing one judgment.

It would be better to permit errors in law, and errors in fact, to be assigned in the same writ, than to sustain two.

An assignment of error in law, is an admission that there was no error in fact.   The two errors are repugnant.

Skinner, Ch. J. delivered the opinion of the Court.

A judgment is rendered in the county court, against the plaintiff in error, (defendant below,) to reverse which, two writs of error are brought at the same time; one for error in *fact*, and the other for error in *law*; and the question is, shall the precedency of the one abate the other; and so *vice versa.*

It is admitted by the defendant in error, that no case is to be found in the English books, in which the question has been decided; but it is insisted, that the suits ought to abate, in analo-

gy to the settled principle of law, that where there are two
suits, pending at the same time, upon the same cause of action,
both must abate.    It is also urged, that, as error in *fact* and
error in *law* cannot be assigned in the same writ, it of course
follows, that they cannot be assigned in different writs; and
further, that as the defendant cannot, at common law, make two
defences to the same action, but must, in pleading, elect his
defence, and abide the event---if he can sustain two writs of er-
ror upon the same judgment, it would be giving him an advan-
tage which is denied to the parties, in all other legal proceed-
ings.

There can be no doubt, that a party ought not to be harrass-
ed with several suits for the same *tort*, or upon the same con-
tract; nor can there be any reason in permitting the plaintiff
to claim damages in two or more actions, for the same cause;
but the analogy of such case, to one in which the party claims
the privilege of avoiding an erroneous judgment, by demanding
the opinion of the Court upon distinct causes, which he may
assign for error, is not perceived.    The party is permitted, in
the same writ, to assign several distinct causes for reversing a
judgment, for error in *law*; and the reason why he may not as-
sign error in fact, and error in law, in the same writ is, that in
the one may be involved an issue of *fact*, and in the other an
issue of *law*.    If the party, then, may assign as many causes as
he pleases, where the errors complained of appear of record,
the doctrine that a party can maintain but one suit, for the
same cause, and that a defendant can make but one defence, is
not applicable to cases of error : and it would seem to be most
reasonable, that if, from a technical rule, founded, as it is said,
upon the embarrassment in which the law supposes the proceed-
ing would be involved, by permitting error in law and error
in fact, to be joined in the same writ, he is denied this privi-
lege, he ought to be permitted to avail himself of the several
causes of complaint, in different writs.

The defendant, therefore, must make further answer.

PRENTISS, J. being of counsel, did not sit in the trial.

*Alvin Foote* and *Chs. Adams*, attornies for the plaintiff in error.

*J. C. Thompson* and *Samuel Prentiss*, attorneys for the de-
fendant in error.